## No. 6219.

### CHARLES DEGRECK & CO. VS. MURPHY & GAINES ET AL.

The defendant in rule is not entitled to call in warranty Julius Aroni, who, in a separate act, had agreed to warrant his co-obligor, Thomas R. Sutton, from liability on the appeal bond which they both signed. The liability of Sutton on the appeal bond had been fixed by the return of *nulla bona* on the *fieri facias* issued by plaintiffs against the defendants in execution; and the legal representative of Sutton, the surety, had no right to delay the summary proceeding of plaintiffs in order to enforce the obligation of Aroni in favor of Sutton to which plaintiffs were not parties.

As the ruling of the court in refusing to strike out the call in warranty subjected plaintiffs to unnecessary delay in the enforcement of their claim, they had a right to appeal.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough*, J.  *James G. Leach* and *Reeve Lewis*, for plaintiffs and appellants. *Drake & Curell* for the legal representative of Sutton, the surety.

WYLY, J.  This is a proceeding by rule against Mrs. M. A. Beaver, individually and as natural tutrix of the minor, Daniel Carroll Sutton, who have succeeded to the rights and obligations of Thomas R. Sutton, to enforce the obligation of the deceased on an appeal bond in the above entitled case.

The defendant in rule called in warranty Julius Aroni, who was co-obligor on the appeal bond, and who had, in a separate act, agreed to warrant the said Thomas R. Sutton from liability on said appeal bond.

The court refused to strike out the call in warranty on the suggestion of plaintiffs that it would cause unnecessary delay and it was not allowable in this summary proceeding, and ordered the call in warranty to be allowed and the case continued for service on the warrantor. Thereupon plaintiffs took an appeal from this interlocutory order.

The question is, was the defendant in rule entitled to call in warranty Julius Aroni, who, in a separate act, had agreed to warrant his co-obligor, Thomas R. Sutton, from liability on the appeal bond which they both signed?

26

We think not. The liability of Sutton on the appeal bond had been fixed by the return of *nulla bona* on the *fieri facias* issued by plaintiffs against the defendants in execution, and the legal representative of Sutton, the surety, had no right to delay the summary proceeding of plaintiffs in order to enforce the obligation of Aroni in favor of Thomas R. Sutton, to which plaintiffs were not parties. To allow this would be to subject plaintiffs to all the delays attending an original suit, and the proceeding would, in effect, be the beginning rather than the end of a litigation. Plaintiffs are strangers to the contract between Aroni and Sutton, and they are not to be delayed in the summary proceeding to which they are entitled by a litigation to enforce the obligation arising from said contract.

Article 380 of the Code of Practice has no application to the summary proceeding against the surety on an appeal bond. As the ruling of the court subjected plaintiffs to delay in the enforcement of their rights, they had the right to appeal. The motion to dismiss is denied.

It is therefore ordered that the judgment appealed from be annulled, and that this case be remanded to be proceeded in according to law, defendant in rule paying costs of appeal.